# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) NATIONAL FIRE & MARINE INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>vs.<br><br>1) THUNDER & LIGHTENING PROTECTION & MARKETING, LLC, d/b/a A. MARTIN INVESTIGATIONS,<br>2) ANTJUAN L. MARTIN, and<br>3) BRADLEY ALLEN BISHOP,<br><br>             Defendants. | Case No.  CIV-22-1056 |

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW the Plaintiff, National Fire & Marine Insurance Company, by and through the undersigned, pursuant to 28 U.S.C. §§ 2201 *et seq.*, and for its Complaint for Declaratory Relief against the Defendants herein, alleges and states as follows:

1. This action seeks a declaratory judgment to determine a real and justiciable controversy among the parties with respect to their rights and obligations, if any, under an insurance policy issued by Plaintiff to Defendant Thunder & Lightening Protection & Marketing, LLC, described in greater detail below.

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff National Fire & Marine Insurance Company ("National") is an insurance company incorporated under the laws of the State of Nebraska with its principal place of business in the State of Nebraska.

1

3.  Defendant Thunder & Lightening Protection & Marketing, LLC ("Thunder") is a limited liability company organized under the laws of the State of Oklahoma with its principal place of business in Oklahoma County, State of Oklahoma. To National's knowledge, Thunder is composed of one (1) member, to wit: Defendant Antjuan L. Martin.

4.  Upon information and belief, Thunder, at some or all times, does business under the unregistered tradename "A. Martin Investigations."

5.  Defendant Antjuan L. Martin ("Martin") is an individual and citizen of the State of Oklahoma.

6.  Defendant Bradley Allen Bishop ("Bishop") is an individual and citizen of the State of Oklahoma.

7.  Underlying this action is a personal injury lawsuit for damages filed by Bishop against Martin, Thunder, and others pending in the District Court of Oklahoma County, State of Oklahoma, captioned *Bishop v. Martin*, Case No. CJ-2022-3217. Bishop seeks judgment against the defendants therein for damages in an amount in excess of that sum required for federal diversity subject matter jurisdiction (i.e., $75,000.00).

8.  The Plaintiff National is diverse from Defendants Thunder, Martin, and Bishop, and the amount in controversy exceeds $75,000.00. Subject matter jurisdiction for this action is proper under 28 U.S.C. § 1332.

9.  Venue is proper within the U.S. District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1391(b)(1), (2).

## THE NATIONAL POLICY

10. For the times relevant herein, National issued a Commercial General Liability Policy, no. 72LPS038530, in effect between 10/20/2020 to 10/20/2021 ("the Policy").

11. "Thunder & Lightening Protection & Marketing, LLC dba: A. Martin Investigations" is the Named Insured on the Policy.

12. Throughout the Policy, the words "you" and "your" refer to Thunder and any other person or organization qualifying as a Named Insured under the Policy. The words "we," "us" and "our" refer to National.

13. In pertinent part, the Policy provides as follows regarding liability coverage, as amended by applicable endorsement(s):

> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement**
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" …to which this insurance applies.
>
>    (1) We will have the right and duty to defend the insured against any "suit" seeking those damages to which this insurance applies only if no other insurer:
>
>       (a) provides the insured with primary insurance for any damages sought in any part of that "suit";
>       (b) is defending the insured against any part of that "suit", including a defense under reservation of rights;
>       (c) has a duty to defend the insured against any part of that "suit"; or
>       (d) has been asked by or on behalf of the insured to defend the insured against any part of that "suit", regardless of whether such insurer agrees to provide a defense.

> We have no duty to defend the insured against any "suit" seeking damages for "bodily injury" … to which this insurance does not apply.
>
> …
>
> **b.** This insurance applies to "bodily injury" … only if:
>   **(1)** The "bodily injury" … is caused by an "occurrence" that takes place in the "coverage territory";
>   **(2)** The "bodily injury" … occurs during the policy period; and
>   **(3)** [Inapplicable to this declaratory action]….
>
> …

* * * * * * *

14. The Policy contains the following exclusion, among others:

> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> …
> **2. Exclusions**
> This insurance does not apply to:
> **a. Expected Or Intended Injury**
> "Bodily injury" … expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
> …

* * * * * * *

15. The Policy provides as follows regarding who is an insured under the Policy:

> **SECTION II – WHO IS AN INSURED**
> **1.** If you are designated in the Declarations as:
>    …
>    **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.
>    …

* * * * * * *

16. The Policy contains the following definitions, in pertinent part:

    **SECTION V – DEFINITIONS**
    …
    3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
    …
    13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
    …
    18. "Suit" means a civil proceeding in which damages because of "bodily injury" … to which this insurance applies [is] alleged. ….
    …

    <u>* * * * * * *</u>

17. Further, the Policy contains an endorsement titled "GENERAL LIABILITY PUNITIVE DAMAGES EXCLUSION DUTY TO DEFEND AMENDMENT," which is made a part of the Policy. In pertinent part, the endorsement states,

    > The insuring agreement is amended to provide that this insurance does not apply to any sums awarded as punitive damages. For the purposes of this Endorsement, punitive damages include, but are not limited to, the following punitive damages, exemplary damages, treble damages, statutory damages, and any other damages which are awarded to punish or deter a wrongdoer, deter others from similar conduct, or any other similar type of damages.
    …

    <u>* * * * * * *</u>

### RELEVANT UNDERLYING FACTS AND CIRCUMSTANCES

18. On or about July 9, 2021, Defendant Martin, employed by and working on behalf of Defendant Thunder, was present at a Taco Bell restaurant located at 936 W. Sheridan Ave., Oklahoma City, Oklahoma. Martin and/or Thunder had been hired by the

Taco Bell restaurant to provide security for the restaurant, and Martin was present at the restaurant for that purpose.

19. On or about July 9, 2021, Defendant Bishop was present at the Taco Bell restaurant while Martin was providing security services.

20. At the time of incident on or about July 9, 2021, and while working on behalf of Thunder, Martin physically struck Bishop and shot Bishop with a firearm, injuring Bishop. Martin's actions against Bishop were done while acting within the course and scope of Martin's employment with Thunder.

21. On July 6, 2022, Bishop commenced a lawsuit for damages against Martin, Thunder, and others in the District Court of Oklahoma County, State of Oklahoma, captioned *Bishop v. Martin*, Case No. CJ-2022-3217 (the "Lawsuit"). A copy of the Petition filed in the Lawsuit is attached as "Exhibit 1'".

22. In pertinent part, the Lawsuit's Petition alleges that, on or about July 9, 2021, Martin, while working in the course and scope of his employment with Thunder, and while providing armed security for a Taco Bell restaurant, "intentionally, and with actual malice, assaulted and battered [Bishop] by physically beating [Bishop] with his hands and a nightstick and shooting Bishop with a firearm two times in Bishop's back."

23. In pertinent part, the Lawsuit's Petition alleges in the alternative that Martin, while working in the course and scope of his employment with Thunder, and while providing armed security for a Taco Bell restaurant, negligently and recklessly caused bodily injury to Bishop when Martin assaulted Bishop with a nightstick and shot Bishop twice in the back.

24. Thunder's liability, as alleged in the Lawsuit, is derivative and based wholly on Martin's conduct in assaulting, battering, and shooting Bishop in the back.

25. The Lawsuit's Petition alleges that Bishop suffered damages, including medical expenses, mental and physical pain and suffering, and permanent injury and impairment, resulting from Martin's/Thunder's actions.

26. The Lawsuit's Petition seeks punitive damages against Martin and Thunder.

27. Plaintiff National has retained defense counsel to represent Martin and Thunder in the Lawsuit under a complete reservation of National's rights, including the rights to deny coverage and seek declaratory relief.

## COVERAGE ISSUES UNDER THE POLICY

28. Bishop's injuries were not caused by an "occurrence," as that term is defined under the Policy, because Martin's alleged actions were not an accident. The Policy therefore does not apply to the Lawsuit or the incident alleged therein, and National has no duty to defend or indemnify Martin or Thunder in the Lawsuit.

29. Moreover, the Expected or Intended Exclusion applies to exclude coverage for the Lawsuit. The Lawsuit alleges that Martin intentionally and with actual malice beat Bishop and shot him twice in the back.

**30.** The Lawsuit further alleges punitive damages against Martin and Thunder. The Policy's endorsement titled "GENERAL LIABILITY PUNITIVE DAMAGES EXCLUSION DUTY TO DEFEND AMENDMENT" expressly excludes coverage for the punitive damages sought in the Lawsuit.

**CLAIM FOR DECLARATORY RELIEF**

31. In light of the foregoing, and based on the clear and unambiguous terms of the Policy, National owes no duty to defend or indemnify Thunder or Martin in the Lawsuit or against any allegations underlying the Lawsuit.

32. Further, in light of the foregoing, and based on the clear and unambiguous terms of the Policy, no coverage exists under the Policy to respond to or pay any award of punitive damages that may be entered in the Lawsuit against Thunder or Martin.

33. Based on the foregoing, there exists an actual and justiciable controversy between National, Thunder, Martin, and Bishop within the jurisdiction of this Court and involving the rights and liabilities of the parties under a contract of insurance, which controversy may be determined by a judgment of this Court.

**34.** National seeks guidance from this Court to determine the rights and obligations of the parties, including confirmation that National does not have any duty to defend and indemnify Thunder, Martin, or any other defendant in the Lawsuit, or otherwise pay monies in connection with the injuries alleged in the Lawsuit.

**PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff National Fire & Marine Insurance Company prays this Court enter a declaration pursuant to 28 U.S.C. §§ 2201 *et seq.* holding, adjudging, and decreeing:

(1) that there is no coverage under the Policy for the claims asserted in the Lawsuit;

(2) that National owes no duty to defend or indemnify Thunder, Martin, or any other potential insured under the Policy for the injuring incident involving Martin and Bishop and alleged in the Lawsuit;

(3) that National has the right to withdraw from the defense of Thunder and Martin in the Lawsuit; and

(4) that the Court additionally enter any other and further relief it deems just and proper in the premises.

Respectfully submitted

NATIONAL FIRE & MARINE
INSURANCE COMPANY,
— Plaintiff

By: /s/Tyler J. Coble
Tyler J. Coble – OBA #30526
CHEEK LAW FIRM, PLLC
311 North Harvey Avenue
Oklahoma City, Oklahoma  73102
Telephone: (405) 272-0621
Facsimile: (405) 232-1707
tcoble@cheeklaw.com
ATTORNEY FOR PLAINTIFF